UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GRACIELA SOLORIO,** | 1:14-cv-01284-LJO-BAM |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER ON DEFENDANT'S MOTION TO DISMISS (Doc. 11)** |
| v. | |
| **FRESNO COUNTY DEPARTMENT OF BEHAVIORAL HEALTH SERVICES,** *et al.*, | |
| Defendants. | |

## I. INTRODUCTION

Graciela Solorio ("Plaintiff") brings the instant action against the County of Fresno ("the County")(sued erroneously as Fresno County Department of Behavioral Health Services), Kevin Briggs ("Briggs")(sued erroneously as Kevin Briggs Jonson), and Evan Merat ("Merat")(collectively "Defendants"). Plaintiff alleges that she was the victim of "civil sexual assault, intentional distress, negligent inflection [of] emotional, distress, battery, [and] retaliation [*sic*]." Doc. 1 at 1. Now pending before the Court is Defendants' motion to dismiss the Complaint on res judicata grounds, pointing to a dispositive ruling in an essentially identical action brought by Plaintiff in the Fresno County Superior Court. Doc. 11 at 4-5. Alternatively, Defendants argue that Plaintiff's complaint should be dismissed for failure to exhaust administrative remedies and failure to state a claim. *Id*. at 6-7. Plaintiff filed an opposition on October 3, 2014. Doc. 14. For the reasons set forth below, the Court GRANTS Defendants' motion to dismiss.

## II. PROCEDURAL AND FACTUAL HISTORY

The Court has not been provided with a complete procedural history of the California state court

proceedings. However, based upon the partial history provided by the parties, it appears that Plaintiff filed her initial complaint against Defendants on October 7, 2010, in the Superior Court of California, County of Fresno Central Division ("Superior Court"). Doc. 12 at 22. Defendants moved to quash service of summons and complaint for improper service on April 6, 2011. *Id*. The trial court granted the motion but also granted Plaintiff leave to amend. *Id*. Plaintiff filed her first and second amended complaints in July 2012, to which Defendants responded with a successful demur. *Id*.

On October 29, 2012, Plaintiff filed a third amended complaint in which she alleged that from 2002 to 2009, she was harassed by her co-workers at the Department of Behavioral Health Services. Doc. 13 at 2; Doc 12 at 41. Plaintiff claimed that her co-worker, Fernando Velez Gonzalez, would make comments of a sexual nature and attempt to touch her inappropriately. *Id*. In the third amended complaint, Plaintiff stated, "Fernando Gonzalez, have been sexual harassment me, every day in my area of work…he would put his privies parts very close to the desk that I can see it how give they would, behind my chair, I could felt his privies part against, the chair, where I was setting [*sic*]." *Id*. at 77. Plaintiff alleged that another co-worker, Gloria Strong, threatened to hit Plaintiff. *Id*. at 46. Plaintiff also claimed that other co-workers created a hostile work environment by yelling at her, pushing her against the wall, putting oil on her and throwing files at her. Id. at 42-47. Plaintiff failed to provide dates for these actions in the third amended complaint. Plaintiff alleged that she reported this behavior to her supervisor, but that they failed to take any action. *Id*. at 42. After reporting these allegations to her supervisor, Plaintiff alleges that she was denied overtime and a salary increase, and that eventually her salary was decreased. *Id*. at 48 and 76.

Defendants demurred to the third amended complaint on the grounds that it failed to state sufficient facts to constitute a cause of action and that Plaintiff had failed to exhaust her administrative remedies. Doc. 13 at 2. The parties appeared in Superior Court on January 24, 2013. Doc. 12 at 169. After a hearing of the matter and consideration of the position of each party, the Superior Court, on February 4, 2013, sustained Defendants' demurrer and dismissed Plaintiff's action, finding that Plaintiff

failed to state a cause of action and failed to exhaust her administrative remedies. *Id*. at 156 and 169. Plaintiff filed a motion for reconsideration on February 14, 2014 that was subsequently denied for failing to provide the Superior Court with new facts or a new legal theory and for failing to comply with the Government Claims Act. Doc. 12 at 195-97.

Following the denial of her motion for reconsideration, Plaintiff appealed her case to the California Court of Appeal Fifth Appellate District on July 11, 2013. *Id*. at 6. Defendants filed a motion to dismiss, which was granted for failure to appeal the case in a timely manner on October 10, 2013. *Id*. at 206. In July 2014, Plaintiff submitted a motion to the Supreme Court of California ("Supreme Court"). The Supreme Court responded to Plaintiff's submission with a letter indicating that it lacked jurisdiction as Plaintiff had missed the filing deadline. Doc. 2 at 20.[1]

On August 15, 2014, Plaintiff filed a complaint in the Court in which she alleges that from 2002 to 2009 she was harassed by her co-workers at the Fresno County Department of Behavioral Health Services. Plaintiff claimed that her co-worker, Fernando Velez Gonzalez sexually assaulted her. Doc. 1 at 29. Plaintiff stated, "Fernando V. Gonzalez, had been sexual assault, harassment me, every day and my area of work, … he would put his privies parts very close to my desk, that I can see it, I would felt his privets parts, behind my chair [*sic*]." *Id*. at 41. Plaintiff claimed that Gonzalez also made inappropriate comments and verbally harassed her. *Id.* Plaintiff further alleged that another co-worker, Gloria Strong threatened to hit her. *Id*. at 11. Among other complaints, Plaintiff alleged that co-workers pushed her against a wall, poured oil on her, and yelled at her. *Id*. at 9, 14 and 17. No dates were provided for these incidents. Plaintiff alleged that she reported this harassment to supervisors but that they dismissed her and never took any action. *Id*. at 7 and 41. Plaintiff claimed that after she reported the harassment that her salary was docked. Id. at 40. This motion to dismiss followed.

### III. STANDARD OF DECISION

---

[1] Plaintiff also filed a motion with the Ninth Circuit. The Ninth Circuit sent Plaintiff a letter indicating that it could not review state court decisions. Doc. 2 at 19.

3

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) is a challenge to the sufficiency of the allegations set forth in the complaint. A 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss for failure to state a claim, the Court generally accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). There are, however, two exceptions to this rule; first, the Court may consider documents, whose authenticity are not contested, that were submitted as part of the complaint, and documents that are matters of public record.[2] *Lee v. City of Los Angeles*, 250 F. 3d 668, 688 (9th Cir. 2001).

To survive a 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

---

[2] Courts may take judicial notice of adjudicative facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(a)(2). The Court may do so own its own or at a party's request. Fed.R.Evid. 201(c). "Although each case must be viewed on its own merits, the Court is empowered to and does take judicial notice of court files and records." *Schweitzer v. Scott*, 469 F. Supp. 1017, 1020 (C.D. Cal. 1979).

*Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Thus, "bare assertions . . . amount[ing] to nothing more than a 'formulaic recitation of the elements' . . . are not entitled to be assumed true." *Iqbal*, 556 U.S. at 681. In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562. To the extent that the pleadings can be cured by the allegation of additional facts, the plaintiff should be afforded leave to amend, unless an amendment would be futile. *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted). In determining whether amendment would be futile, the court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir.1990).

## IV. ANALYSIS

### A. Res Judicata

The doctrine of *res judicata* provides that a final judgment on the merits bars further claims by parties or persons who are in privity with the parties based on the same cause of action. *In re Schimmels*, 127 F. 3d 875, 881 (9th Cir. 1997). "The doctrine of res judicata includes two distinct types of preclusion, claim preclusion and issue preclusion. Claim preclusion treats a judgment, once rendered, as full measure of relief to be accorded between the same parties on the same 'claim' or 'cause of action.'… The doctrine of issue preclusion prevents relitigation of all issues of fact or law that were actually litigated and necessarily decided in a prior proceeding." *Robi v. Five Platters, Inc.*, 838 F. 3d 318, 322 (9th Cir. 1988).

The Full Faith and Credit Act, 28 U.S.C. § 1738 requires that the federal courts give the same preclusive effect to a state court judgment as another court of that State would give. *Palomar Mobilehome Park Ass'n v. City of San Marcos*, 989 F. 2d 362, 364 (9th Cir. 1993). *See also Allen v. McCurry*, 449 U.S. 90, 96 (1980) ("Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the court of the State from which the judgments

emerged, would do so.") The Full Faith and Credit Act also "require[s] federal courts to apply the res judicata rules of a particular state to judgments issued by courts of that state.…Accordingly, [a federal court sitting in California] appl[lies] California law of res judicata to [a] California judgment." *Robi*, 838 F. 3d at 322.

### 1. California's Res Judicata Rules

In order for a claim to be precluded by *res judicata* under California law, three factors must be met:

> (1) there was a final judgment on the merits in the earlier proceeding; (2) the claims were part of a cause of action that was litigated and decided, or that might have been litigated, in the earlier proceeding; and (3) the parties against whom the principle is invoked were parties or in privity with a party to the prior adjudication."

*Los Angeles Unified School Dist. v. Los Angeles Branch NAACP*, 714 F. 2d 935, 939 (9th Cir. 1983).

#### a. Final Judgment on the Merits in the Earlier Proceeding

For a claim to be precluded from litigation, the Court must first determine whether there was a final judgment on the merits in an earlier proceeding. *Id*. As discussed above, the Full Faith and Credit Act requires federal courts to give the same preclusive effect to state court judgment that the judgment would be given in other courts of that State. *Allen*, 449 U.S. at 96.

Plaintiff already litigated her claims in state court. The Superior Court granted the Defendant's demurrer and dismissed Plaintiff's case on February 4, 2013. Doc. 13 at 2. Plaintiff unsuccessfully appealed her case to the California Court of Appeal and the Supreme Court of California. Doc. 12 at 195-97, 206. "In California, a judgment entered after the sustaining of a general demurrer is a judgment on the merits, and, to the extent that it adjudicates that the facts alleged do not establish a cause of action, it will bar a second action on the same facts." *Palomar Mobilehome Park Ass'n*, 989 F. 2d at 364. A general demurrer points out substantive pleading defects such as a failure to state a cause of action or affirmative defenses, including failure to exhaust administrative remedies. *Ojavan Investors, Inc. v. California Coastal Com.,* 54 Cal. App. 4th 373, 384 n. 8 (1997). See also *Crowley v. Modern*

*Faucet Mfg. Co*, 44 Cal. 3d 221, 228 (1955) ("A judgment entered after a general demurrer has been sustained is a judgment on the merits to the extent that it adjudicates that the facts alleged do not constitute a cause of action, and will accordingly, be a bar to a subsequent action alleging the same facts.")(internal citations and quotation marks omitted); *Knickerbocker v. City of Stockton et al.*, 199 Cal. App. 3d 235, 244 (1988) (holding that a claim that was dismissed for failure to exhaust administrative remedies is barred by *res judicata*). Here, the Superior Court granted Defendants' demurrer on two grounds; first that Plaintiff failed to state a cause of action and second that Plaintiff failed to exhaust her administrative remedies. Doc. 12 156 and 169. The Superior Court's ruling was a judgment on the merits.

        **b.**      **The Claims Were Part of a Cause of Action That Was Litigated and Decided**

For *res judicata* to apply, the defendant must also show that the claims were part of a cause of action that was litigated and decided, or that might have been litigated, in the earlier proceeding. *Los Angeles Unified School Dist. At* 714 F. 2d at 939. "The same cause of action is implicated if two lawsuits are based on the same 'primary right.'…That primary right is the right to be free from a particular injury regardless of the legal theory on which liability for the injury is based." *Van Der Valk v. Shell Oil Co.*, 233 F. App'x 752, 754 (9th Cir. 2007). Thus the focus of a primary rights analysis is whether the harm suffered is substantially the same. *Brodheim v. Cry*, 584 F. 3d 1262, 1268 (9th Cir. 2009). A second suit is barred "if two actions involve the same injury to the plaintiff and the same wrong by the defendant." *Id*. In such cases, "the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery." *Id*. (internal citations and quotation marks omitted).

For example, in *White v. City of Pasadena*, 671 F.3d 918, 928-929 (9th Cir. 2012), after a jury dismissed the plaintiff's state court case, which alleged the plaintiff was discriminated and harassed based on a perceived disability, a federal court had to dismiss the plaintiff's subsequent case which alleged the same discriminatory and harassing behavior for the same perceived disability because the

7

claims arose out of the same primary right. *See Johnson v. American Airlines*, 157 Cal. App. 3d 427, 433 (After airlines stewardesses won a class action suit against their employer for sex discrimination under Title VII in federal court, an individual plaintiff was barred by *res judicata* from making similar claims of sex discrimination under the Fair Employment Practice Commission against the same employer in state court.).

In both her California state court case and this case, Plaintiff claims that she suffered sexual harassment and general harassment at her place of employment. Plaintiff relates the same fact pattern in both cases, citing instances of sexual harassment from Fernando Gonzalez, threats of physical violence from Gloria Strong, and other instances of verbal harassment from various co-workers. Doc. 12 at 41-84; Doc. 1. In both cases, the alleged injury is the same and the wrong is committed by the same Defendants. Plaintiff's current claims arise out of the same primary right as her state claims and therefore could have been litigated and decided in the earlier state proceeding.

### c. The Parties Against Whom the Principle Is Invoked Were Parties or in Privity With a Party to the Prior Adjudication

The third requirement that must be met for *res judicata* to apply requires the parties in the first action to be the same as or in privity with the parties in the second action. *Los Angeles Unified School Dist.* at 714 F. 2d at 939. The state court action was brought by Graciela Solorio, as was this action. In state court the Fresno County Department of Behavioral Health and Briggs were named as Defendants. Doc. 12 at 40. In this action, Plaintiff added Merat as a defendant. Doc. 1 at 1. Merat, who appears to be defense counsel in the state action, is only mentioned in the caption of Plaintiff's complaint and is not accused of any wrongdoing. Doc. 2 at 20. As there are no claims against Merat, he does not prevent the Court from viewing the Defendants as the same in both cases.

As all three of the requirements for *res judicata* have been met, this case is precluded by the final judgment of the case in state court. This defect cannot be cured therefore granting an opportunity to amend the complaint would be futile. *Reddy*, 912 F.2d at 296.

As the case is dismissed because of *res judicata*, the Court does not address Defendants' other arguments.

### V. CONCLUSION AND ORDER

For the reasons discussed above, the Court:

    **1.**    GRANTS the Defendants' motion to dismiss without leave to amend.

IT IS SO ORDERED.

    Dated:   **October 16, 2014**          /s/ Lawrence J. O'Neill
                                                                 UNITED STATES DISTRICT JUDGE