UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GRACIELA SOLORIO,** | 1:14-cv-01284-LJO-BAM |
| **Plaintiff,** | **MEMORANDUM DECISION AND ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION (Doc. 18)** |
| **v.** | |
| **FRESNO COUNTY DEPARTMENT OF BEHAVIORAL HEALTH SERVICES,** *et al.***,** | |
| **Defendants.** | |

Graciela Solorio ("Plaintiff"), proceeding pro se, brought claims against the County of Fresno, Kevin Briggs, and Evan Merat (collectively "Defendants") for assault, infliction of emotional distress, battery, and retaliation. On October 16, 2014, the Court granted the Defendants' motion to dismiss without leave to amend, as Plaintiff's claims were barred by res judicata. Doc. 16. The Clerk of Court entered judgment on the same date. Doc. 17. Plaintiff filed a motion for reconsideration on October 30, 2014. Doc. 18. On October 31, 2014, Plaintiff filed a notice of appeal to the Ninth Circuit and the appeal was processed on November 4, 2011. Docs. 19 & 20. The Court denied Plaintiff's motion for reconsideration on November 6, 2014, concluding it lacked jurisdiction over the motion as a result of the appeal. Doc. 21. On December 2 2014, the Ninth Circuit remanded the case to the Court for an order on the motion for reconsideration. Doc. 26.

"Although the Federal Rules of Civil Procedure do not specifically allow for a motion for reconsideration, the court treats a motion for reconsideration filed within [28] days of the entry of judgment as one to alter or amend the judgment under [R]ule 59(e)." *Sierra Club v. Tri-State Generation & Transmission Ass'n, Inc.*, 173 F.R.D. 275, 287 (D. Colo. 1997). Plaintiff's motion for reconsideration

1

was filed on October 30, 2014, less than 28 days after entry of judgment on October 17, 2014, so treatment under Rule 59(e) is appropriate. A Rule 59(e) motion may be brought to alter or amend a judgment within 28 days of a judgment being filed. Fed. R. Civ. P. 59(e). There are four basic grounds upon which the courts have granted a motion for reconsideration under Rule 59(e): "(1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Insurance Co. v. Herron*, 634 F. 3d 1101, 1111 (9th Cir. 2011).[1] Reconsideration under Rule 59(e) is "an extraordinary remedy, to be used sparingly in the interest of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 220 F. 3d 877, 890 (9th Cir. 2000).

Plaintiff failed to put forward any argument that would warrant reconsideration of the order of dismissal under Rule 59(e). Plaintiff has not asserted the dismissal order was erroneous in any particular way, nor that she has discovered new evidence that was not previously available to her. Likewise, she has failed to establish manifest injustice or that the law has changed. In sum, Plaintiff failed to present the Court with evidence of extraordinary circumstances. Rather, Plaintiff has requested the Court reconsider her case because Plaintiff has "been looking [f]or

---

[1] Even if this motion is treated as a motion for relief from a final judgment under Rule 60(b), the standard is substantially the same as that applied to Rule 59(e) motions. Rule 60(b) states:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). As discussed below, Plaintiff has not successfully presented evidence that would allow the Court to reconsider her case under Rule 59(e) or 60(b).

help with lawyers, but they have refused to assist [Plaintiff] due to Fresno County and Department of Behavior Health Services." Doc. 18 at 3. As many potential plaintiffs cannot find counsel to represent them in civil litigation, the Court finds nothing extraordinary about Plaintiff's case.

        Accordingly, the motion for reconsideration is DENIED.

IT IS SO ORDERED.

    Dated: **December 9, 2014**                  **/s/ Lawrence J. O'Neill**
                                                              UNITED STATES DISTRICT JUDGE